UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MEGGA MGT, LLC,

    Plaintiff,

v.                                              CASE NO. 3:25-cv-148-HES-SJH

PHE, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery ("Motion"). Doc. 47. The Motion is due to be denied.

Preliminarily, the Motion fails to comply with the typography requirements of Local Rule 1.08. *See Miner v. Chase Auto Fin.*, No. 6:25-cv-437-CEM-RMN, 2025 WL 1381895, at *1-2 (M.D. Fla. May 13, 2025); *Litke v. P.B. Express, Inc.*, No. 3:23-cv-1266-HLA-PDB, 2023 WL 9892102, at *1 (M.D. Fla. Dec. 15, 2023).

Notwithstanding this deficiency, even considering the Motion in the interest of judicial economy, it further fails substantively. The Motion speaks in broad generalities, but it fails to provide any of the requests or responses at issue, precluding any effective review and consideration. *See, e.g.*, *United States v. Morten*, No. 2:22-cv-730-SPC-KCD, 2025 WL 2306358, at *1 (M.D. Fla. July 13, 2025) ("It is impossible to assess whether a motion to compel is appropriate without the underlying discovery request."). In short, the Motion fails.

In Defendant's response in opposition to the Motion, Defendant requests an award of reasonable expenses, including attorneys' fees. Doc. 54 at 19. Such an award is not appropriate if "the motion was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(B). An expense award is not appropriate here. Preliminarily, Defendant raised in its response the primary defect defeating the Motion—the failure to include any of the pertinent requests or responses. *E.g.*, Doc. 54 at 6.[1] It nevertheless elected to file a full 20-page response focused on addressing collateral issues, but, despite the length of the response and the several exhibits appended to it, Defendant also chose to omit the full requests and responses at issue. Instead, Defendant included only a few excerpted examples within the body of its response. *See generally* Doc. 54. And although those limited excerpts are also insufficient for effective review, they suggest that the Motion, though not meritorious, may have been the product of at least some legitimate discovery disagreement that was substantially justified. *E.g., id.* at 14.[2] It appears that both sides

---

[1] It also appears that the parties' conferral efforts were ineffective, and, for example, Defendant could have raised this issue upon a preview before the Motion was filed. *See* Doc. 47 at 13; *cf. Subsalve USA Corp. v. Watson Mfg., Inc.*, No. 4:05-cv-369-SPM-WCS, 2011 WL 13186235, at *2 (N.D. Fla. Aug. 25, 2011).

[2] For example, Defendant cites an excerpt of its apparent objections "to providing documents that already are in the possession of Plaintiff or are equally available to Plaintiff—including, for example, documents already produced by Plaintiff or included in Plaintiff's pleadings[.]" *Id.* And it argues that the authority cited by Plaintiff "does not deal with pleadings and production that have been served by one party on another, nor require production of such documents in response to discovery requests." *Id.* But assuming for sake of discussion that is so, the limited excerpt provided by Defendant suggests that its objection was broader than its proffered justification. That is, Defendant did not object only to documents produced by Plaintiff or in Plaintiff's pleadings. It objected, arguably improperly, to *all* documents possessed by or available to Plaintiff *including, for example* those already produced by Plaintiff or in its pleadings. *Id.*

simply had more interest in arguing than in teeing up for the Court any discovery dispute. Under the circumstances, the Court is unable to say that Plaintiff's positions were not substantially justified, and an expense award is further unjust. Thus, no expenses will be awarded. *See Creative Choice Homes XXXI, LLC v. MG Affordable Master, LLC*, No. 8:19-cv-1910-TPB-AAS, 2021 WL 4935788, at *1 (M.D. Fla. July 14, 2021); *Curley v. Stewart Title Guar. Co.*, No. 2:18-cv-9-FtM-99CM, 2018 WL 6829727, at *12 (M.D. Fla. Dec. 28, 2018).

Accordingly, it is **ordered** that the Motion (Doc. 47) is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida, on November 11, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

3